## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

In re,

Allison Monique Harley,

Debtor.

The Housing Authority for the City of
Augusta, Georgia,

Plaintiff,

v.

Allison Monique Harley,

Defendant.

C/A No. 25-02176-JD

Adv. Pro. No. 25-80056-JD

Chapter 13

**ORDER OF DISMISSAL**

A debtor seeking a fresh start through bankruptcy enjoys the presumption that certain debts are dischargeable, absent proof that a particular obligation falls within one of the limited exceptions established by Congress. The burden rests with the creditor to establish that an exception to discharge applies. The Housing Authority for the City of Augusta, Georgia ("Plaintiff") seeks such relief in this case. It initiated this action against Allison Monique Harley ("Defendant"), a chapter 13 debtor, seeking a determination that a prepetition debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2).[1]

Defendant has yet to appear or respond to this action. Nevertheless, the matter before the Court concerns Plaintiff's compliance with a prior court order

---

[1] ECF No. 1 ("Complaint"), filed on September 22, 2025.

addressing pleading and procedural deficiencies. The Court raises these matters *sua sponte* for consideration of whether this case should be dismissed due to Plaintiff's failure to file a complaint that meets the pleading standards set forth in Fed. R. Civ. P. 8 and 9(b) and Plaintiff's failure to prosecute this action and otherwise comply with an order of this Court pursuant to Fed. R. Civ. P. 41(b).

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). The Court may issue a final order. For the reasons set forth herein, this case is dismissed without further leave to amend.

## I.

Prior to the petition date, Defendant received housing assistance from Plaintiff. Defendant allegedly misrepresented her income to Plaintiff and paid less than what she would have been obligated to pay had she completed associated paperwork correctly. Plaintiff discovered what it believed to be underreported income through an audit.

At present, Defendant is a debtor in a chapter 13 proceeding.[2] She is significantly below South Carolina's median income, so her applicable plan commitment period is three years. Defendant filed a five-year plan and is paying all allowed claims in full through that confirmed plan. Plaintiff received proper notice of the bankruptcy case and would receive full satisfaction of its debt had it timely

---

[2] C/A 25-02176-JD.

filed a proof of claim. It filed this action, seeking to have the debt excepted from discharge under § 523(a)(2), on the last day to oppose dischargeability.

After Plaintiff filed its Complaint, the Clerk of Court issued a summons on September 23, 2025. Plaintiff failed to serve the summons and Complaint on Defendant. The Court issued an Order to Appear and Show Cause for Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. Plaintiff's counsel appeared at the hearing and requested a  reissued summons to cure the deficiency.

The Clerk of Court reissued the summons on December 5, 2025. Plaintiff filed a certificate of service on January 7, 2026, indicating that counsel served Defendant with the summons and Complaint on December 5, 2025, by regular mail at the address listed in her petition; however, the certificate of service misstates Defendant's name in both the mailing and the caption, calling into question whether the Court obtained personal jurisdiction over Defendant.[3] Further, the certificate of service was not timely filed. *See* SC LBR 9013-3(b) (requiring a certificate of service to be filed within seven days of matters delegated to a party).

Defendant did not file an answer, a motion to dismiss, or any other pleading in response to the Complaint. Despite Defendant's failure to respond to the Complaint, Plaintiff did not request an entry of default or move for default judgment. The Court set a status hearing to address the lack of prosecution and the

---

[3] ECF No. 13. While Plaintiff served Defendant's chapter 13 attorney, that attorney does not represent her in this matter. SC LBR 9011-1(b).

absence of responsive pleadings. [4] Plaintiff failed to appear for that hearing. The

Court thereafter issued another Order to Appear and Show Cause, requiring

Plaintiff to appear and show cause why this case should not be dismissed for failure

to prosecute.[5] This order prompted Plaintiff to seek an entry of default[6] and to move

for a default judgment.[7] Plaintiff's counsel attended the show cause hearing and the

Court subsequently dissolved the order to show cause.[8]

The Court took the issue of Plaintiff's motion for entry of default judgment

under advisement. Thereafter, a detailed order was issued denying the motion and

dismissing this case with limited leave to amend ("Prior Order").[9] In the Prior

Order, the Court highlighted the following issues:

1.  Plaintiff's error in service of the summons;

2.  Plaintiff's failure to identify the subsection of § 523(a)(2) it relied upon; and

3.  Plaintiff's failure to plead, with particularity, fraud, reliance, and other

    elements that are essential to a cause of action under § 523(a)(2).

The Prior Order expressly warned that failure to cure these specific deficiencies—

including failure to plead all essential elements with the particularity required by

Rule 9(b)—would result in dismissal with prejudice:

> Plaintiff is granted limited leave to file an amended complaint curing
> the deficiencies identified herein and complying with Fed. R. Civ. P. 9(b)
> on or before 5:00 pm on April 24, 2026. If such an amended complaint is
> filed, **Plaintiff must request a reissued summons within two days**

---

[4] ECF No. 14. Plaintiff's counsel was offered the opportunity to attend the status hearing remotely.
[5] ECF No. 17.
[6] ECF No. 26.
[7] ECF No. 28.
[8] ECF No. 32.
[9] ECF No. 34.

**of amending the complaint. Plaintiff must serve the amended complaint and reissued summons in strict compliance with Fed. R. Bankr. P. 7004 and file a certificate of service within seven days of the reissued summons**, consistent with SC LBR 9013-3(b). **If Plaintiff fails to** timely file an amended complaint, **timely request the reissued summons**, timely serve and file evidence of service, **or otherwise strictly comply with this Order, the dismissal shall be converted to a dismissal with prejudice without further notice**.

*Housing Authority for the City of Augusta, Georgia v. Harley (In re Harley)*, Ch. 13 Case No. 25-02176, Adv. No. 25-80056, slip op. at 8 (Bankr. D.S.C. Apr. 17, 2026) (emphasis added).[10]

Plaintiff timely amended the complaint on April 23, 2026 ("Amended Complaint")[11] and filed a certificate of service on the same date.[12] Although Plaintiff served the Amended Complaint, it failed to comply with the Court's explicit directive to obtain and serve a reissued summons with the Amended Complaint, a requirement imposed to ensure proper service and personal jurisdiction after a potential service defect noted in the Prior Order. *See In re Hutto*, 647 B.R. 294, 296 (Bankr. D.S.C. 2022) (citing *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) for its holding that "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."). During the period since Plaintiff filed the Amended Complaint, it has taken no other action in this proceeding to move it towards a conclusion.

The Court has two primary concerns regarding the Amended Complaint. First, whether Plaintiff complied with the Prior Order by filing a well-pleaded

---

[10] The Prior Order is incorporated into this Order by reference.
[11] ECF No. 36.
[12] ECF No. 37.

amended complaint. Second, whether dismissal is appropriate under Fed. R. Civ. P. 41(b) for Plaintiff's failure to follow the Prior Order and otherwise prosecute this case.

## II.

The central purpose of the Bankruptcy Code is to provide a fresh start to the honest but unfortunate debtor by providing a procedure through which a debtor "can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 287 (1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, (1934)). In keeping with that purpose, exceptions to discharge under § 523 are construed narrowly. *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999); *In re Rountree*, 478 F.3d 215, 219 (4th Cir. 2007). For the type of debt at issue, bankruptcy law begins with a presumption of dischargeability, and the burden rests with the creditor to establish that a debt falls squarely within one of the statutory exceptions. Plaintiff is entitled to seek such relief, but it must do so in a manner consistent with the Bankruptcy Code, the Federal Rules of Civil Procedure, and this Court's orders.

Defendant has not made an appearance in this action, but Plaintiff has not requested an entry of default or moved for default judgment on the Amended Complaint. In the Prior Order, Plaintiff received clear notice of the pleading deficiencies identified by the Court and was afforded an opportunity to cure those deficiencies through amendment. The Prior Order also warned Plaintiff that failure

6

to comply could result in dismissal. Under these circumstances, the Court may evaluate the amended pleading's legal sufficiency and dismiss where Plaintiff has been warned and given a meaningful opportunity to correct the defects. The Court may do so *sua sponte* where a complaint fails to state a claim upon which relief can be granted. *See Robertson v. Anderson Mill Elem. Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (holding that while district courts have authority to dismiss under Fed. R. Civ. P. 12(b)(6) *sua sponte*, the court should ensure that the party whose complaint is subject to dismissal be afforded notice and an opportunity to amend the complaint or respond). The Court may also raise the issue of whether the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b)[13] *sua sponte. See McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). While this order is *sua* sponte, Plaintiff was previously provided explicit notice that failure to cure the inadequacy of the pleading identified in the Prior Order would result in dismissal. The notice provided comports with standards of due process and afforded Plaintiff a meaningful opportunity to make necessary corrections.

## III.

In evaluating whether the Amended Complaint states a claim upon which relief can be granted, the Court applies Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the pleading. The Court applies the pleading and review standards set

---

[13] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the complaint must satisfy the pleading standard of Fed. R. Civ. P. 8(a).[14] The Supreme Court has a two-prong approach to test the sufficiency of a complaint under Rule 8. First, the complaint must "contain factual allegations in addition *to* legal conclusions." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012). Second, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint does not suffice if it contains "'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations omitted). The plausibility requirement is satisfied only where the pleading includes factual content that permits the Court to draw a reasonable inference of liability, rather than mere conclusory allegations couched as facts. *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013).

These requirements are the baseline pleading standard. However, when an action sounds in fraud, the enhanced pleading standard of Fed. R. Civ. P. 9 also applies.[15] *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th

---

[14] "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Pursuant to Fed. R. Bankr. P. 7008, Rule 8 is applicable to adversary proceedings.

[15] Pursuant to Fed. R. Bankr. P. 7009, Fed. R. Civ. P. 9 is applicable to adversary proceedings.

Cir. 1987). Rule 9(b) requires that, in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake, while conditions of mind (such as intent, knowledge, or malice) may be alleged generally. Accordingly, when the gravamen of the claim is fraudulent conduct, the complaint must satisfy both (1) Rule 8(a)'s plausibility standard as articulated in *Iqbal/Twombly* and (2) Rule 9(b)'s particularity requirement as to the circumstances of the fraud. Put differently, a fraud-based claim may be dismissed where it fails either to plead enough factual content to render liability plausible under Rule 8(a) or to plead the circumstances of the alleged fraud with the specificity demanded by Rule 9(b). *See In re Derivium Capital, LLC*, 380 B.R. 407, 422 (Bankr. D.S.C. 2006); *Nationwide Judgment Recovery, Inc. v. Tyndall (In re Tyndall),* Ch. 13 Case 23-02014-5-JNC, Adv. Pro. No. 23-00094-5-JNC, 2024 WL 973469, at *2 (Bankr. E.D.N.C. Mar. 6, 2024).

To start, the Amended Complaint again fails to identify whether Plaintiff is seeking an order of nondischargeability under 11 U.S.C. § 523(a)(2)(A) or § 523(a)(2)(B), although this defect was identified in the Prior Order. Under § 523(a)(2), a creditor may seek an exception to discharge for "money, property, services, or an extension, renewal, or refinancing of credit." However, this provision contains two distinct subsections: (A), which addresses the use of "false pretenses, a false representation, or actual fraud"; and (B), which addresses where a debtor has made a statement in writing that is (1) materially false, (2) speaks to the debtor's financial condition, (3) induced the creditor's reasonable reliance, and (4) the debtor

intended to deceive the creditor. 11 U.S.C. § 523(a)(2). This failure to identify the specific statutory basis for relief puts the Court in the position of considering the action under both possibilities, but the Court does not find this defect fatal under Fed. R. Civ. P. 8. The Court concludes that Plaintiff has plausibly alleged facts to support a claim for relief.

Notwithstanding meeting the Rule 8 threshold, Plaintiff's cause of action sounds in fraud. The Amended Complaint fails under the particularity standard of Rule 9(b). Sections 523(a)(2)(A) and (B) share some common elements, but they are distinct in their purpose and application. Reliance, as noted in the Prior Order, is an essential element of a claim under either subsection. *See Harley*, slip op. at 5. "[R]easonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud, and such reliance must be pleaded with particularity." *Learning Works,* 830 F.2d at 546 (internal citations omitted). The Fourth Circuit reaffirmed this principle when it found "no textual basis to give plaintiffs extra wiggle room in pleading the reliance elements of their state and federal fraud claims." *Xia Bi v. McAuliffe*, 927 F.3d 177, 185 (4th Cir. 2019).

Plaintiff does not plead, with the particularity required by Rule 9(b), that it actually relied on the alleged misstatements in making or continuing to provide housing benefits, nor does it plead facts showing that any such reliance was justifiable under § 523(a)(2)(A) or reasonable under § 523(a)(2)(B). Indeed, reliance is never mentioned in the Amended Complaint. The Court cannot infer that any reliance was justifiable or reasonable where the Amended Complaint is silent on

10

this issue.[16] *In re Calhoun*, 131 B.R. 757, 759 (Bankr. D.D.C. 1991). Imputing reliance, which meets the heightened pleading standard, contravenes both the text of Rule 9(b) and applicable case law interpreting that rule. Because Plaintiff has again failed to plead an essential element of its claim, dismissal under Rule 12(b)(6) is appropriate.[17] *Id.* at 763 (holding that failure to allege actual reliance on a fraudulent representation is a "fatal flaw for purposes of § 523(a)(2)(A) and (B).").

## IV.

Dismissal is also appropriate pursuant to Fed. R. Civ. P. 41(b), made applicable here by Fed. R. Bankr. P. 7041, which authorizes dismissal where a plaintiff fails to prosecute or to comply with a court order. Courts interpreting this rule uniformly hold that it cannot be mechanically applied. Courts must weigh the need to prevent delays against the sound public policy of deciding cases on their merits. *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974) (citing Wright & Miller, Federal Practice and Procedure: Civil §§ 2369, 2370 (1971)). The Court also has inherent authority to manage its own affairs, including dismissing a case where a party fails to comply with an order or prosecute the case. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

---

[16] Plaintiff's amended complaint itself alleges it maintained audit tools regarding a tenant's income. Amended Complaint ¶ 9. That allegation undercuts any assertion of reasonable reliance unless Plaintiff pleads particular facts showing it actually relied on the misstatements notwithstanding those tools. Here, Plaintiff pleads neither actual reliance nor facts demonstrating the reasonableness of any such reliance.

[17] Because the deadline imposed by Fed. R. Bankr. P. 4007(c) has expired, dismissal effectively forecloses refiling.

11

In the Fourth Circuit, courts consider: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice to the defendant; (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the existence of sanctions less drastic than dismissal. *Chandler Leasing Corp. v. Lopez,* 669 F.2d 919, 920 (4th Cir. 1982). These factors do not constitute a rigid four-factor test and the propriety of dismissal depends on case-specific circumstances. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Because dismissal is a harsh sanction, it is not invoked lightly. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Dismissal may be employed as a last resort where the record shows contumacious conduct or a clear pattern of delay and disregard of court orders, and lesser sanctions would be ineffective. *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978). A clear warning that noncompliance will result in dismissal is a significant consideration in assessing whether dismissal is appropriate. *Ballard*, 882 F.2d at 95-96.

In this case, a clear warning was provided in the Prior Order that this case would be dismissed with prejudice if Plaintiff failed to make corrections and comply with that order. The order identified two primary deficiencies: 1) failure to plead elements of an action under § 523(a)(2) with particularity and 2) a potential service defect. Both represent independent grounds for dismissal under Fed. R. Civ. P. 41(b).

As previously discussed, the first issue was not corrected. The second issue was also not corrected. Plaintiff served the Amended Complaint but never sought the reissued summons, as ordered. A defendant has the right to be accurately

12

named in the process and pleadings of the court. *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873–74 (4th Cir. 1947). While a misnomer in mailing the service of the reissued summons may not be fatal to personal jurisdiction, courts must consider whether a defendant received actual notice of the pendency of an action. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (1984). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Id.* There is no evidence that Defendant received actual notice. She has failed to appear, and Plaintiff has offered no other indication that she received the summons. When the mailing misstates who is being served, a defendant fails to appear, and there is no other evidence of actual notice, the Court may set aside any default. *See In re Air South Airlines, Inc.*, 249 B.R. 112, 117 (Bankr. D.S.C. 2000). Where such a misnomer in service is raised, the proper remedy is to allow a plaintiff to obtain a reissued summons and correct the error. *Fields v. Norfolk & Southern Ry. Co.*, 924 F.Supp.2d 702, 709 (S.D.W.Va. 2012). That opportunity was afforded to Plaintiff and Plaintiff did not take it.

Applying the *Lopez factors* to Plaintiff's failure to comply with the Prior Order, each factor weighs heavily in favor of dismissal. Regarding the first factor, Plaintiff is responsible for prosecuting this adversary proceeding and for complying with the Court's orders; the failures described above occurred despite explicit directives and deadlines. To the extent counsel's conduct contributed, Plaintiff remains accountable for pleading the essential elements of its claim and for

13

complying with Court orders. *See e.g., Pendarvis v. Wilson,* No. 24-6654, 2026 WL 371143, at *2 (4th Cir. Feb. 10, 2026).

The second factor tips slightly in favor of Defendant. Plaintiff has asked the Court to except some of Defendant's debt from discharge, but Plaintiff has failed to diligently prosecute the case. The proceeding clouds the administration of the chapter 13 case by prolonging uncertainty regarding the scope of discharge. Further, Plaintiff's failure to diligently prosecute the case imposes ongoing burdens on Defendant that are inconsistent with the Code's fresh start policy. For her part, Defendant is operating under the terms of a confirmed plan that pays all allowed claims in full and, though she is below median income, she is paying through a five-year plan. She is prejudiced by this uncertainty and the burden of a stagnant adversary proceeding that seeks another opportunity to collect.

The third factor strongly favors dismissal. Plaintiff has failed to take the initiative in this case and has demonstrated a history of proceeding in a dilatory fashion. It failed to serve the initial complaint and only requested a reissued summons when prompted by the Court through an Order to Appear and Show Cause. Plaintiff violated the local rules of the Court by failing to timely file evidence of serving the reissued summons. After months of monitoring to see if Plaintiff would seek an entry of default against Defendant, the Court set a status hearing because Plaintiff took no such action. Plaintiff failed to attend that hearing and only sought a default after a subsequent Order to Appear and Show Cause. Plaintiff has made minimal efforts to advance its case, and often only did so at the Court's

14

repeated prompting. *Davis*, 588 F.2d at 70 (affirming dismissal under Rule 41(b) where the district court noted a similar pattern of a plaintiff refusing "to take initiative in this litigation.").

The final factor weighs heavily against Plaintiff. Plaintiff failed to comply with the Prior Order, which detailed numerous defects in its pleadings and instructed Plaintiff to cure those defects in the Amended Complaint. Plaintiff then filed an Amended Complaint that failed to cure those very defects. Likewise, Plaintiff was specifically ordered to obtain a reissued summons following the filing of the Amended Complaint to ensure the Court had personal jurisdiction over the Defendant. Plaintiff failed to do so. Like the plaintiff in *Ballard*, Plaintiff was provided with a clear and specific warning that a failure to strictly comply with the Prior Order would result in the dismissal of this case with prejudice. *Ballard*, 882 F.2d at 95. Still, it failed to heed the Court's warning. The Court has already employed incremental measures—including status hearings, two orders to appear and show cause, and a detailed, targeted remedial order—without obtaining compliance. Lesser sanctions have proven ineffective and there is no reason to believe that further lesser sanctions would remedy the issue. Based on the foregoing, dismissal of this adversary proceeding is appropriate pursuant to Fed. R. Civ. P. 41(b).

## V.

Although Plaintiff alleges conduct that, if properly pleaded and proven, could implicate § 523(a)(2), the burden remains on Plaintiff to present its claim in a

15

manner that complies with applicable pleading standards and court orders. Plaintiff failed to do so, and the Court will not upset the presumption of dischargeability by acting as Plaintiff's advocate, supplying missing allegations in an Amended Complaint that remains inadequately pleaded and served.

As the Prior Order noted, the procedural history reflects repeated failures to comply with procedural requirements and court directives, underscoring Plaintiff's lack of diligence. Plaintiff was afforded multiple opportunities to cure identified defects, including a specific opportunity to amend its complaint and to remedy service concerns. Plaintiff has failed to get this action off the ground in the nine months that it has been pending. Plaintiff was expressly warned that failure to comply with the Court's unambiguous directives in the Prior Order would result in dismissal with prejudice. Plaintiff also received other prior warnings that this case may be dismissed for failure to prosecute. Despite those opportunities and warnings, Plaintiff neither filed an amended complaint adequately pleading all essential elements of its claim nor complied with the Court's directive requiring Plaintiff to obtain and serve a reissued summons.

For the reasons stated above, the Amended Complaint fails to state a claim upon which relief can be granted and this action is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, dismissal is warranted due to Plaintiff's failure to prosecute and failure to comply with the Court's orders pursuant to Fed. R. Civ. P. 41(b). Given Plaintiff's prior opportunity to amend, its continued failure to cure identified defects, and the procedural posture of this adversary proceeding, the

16

Court finds that further leave to amend is not warranted. Judgment shall be entered in favor of Defendant and this adversary proceeding is dismissed with prejudice.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/12/2026**



Entered: 06/12/2026

US Bankruptcy Judge
District of South Carolina